## UNITED STATES v. DE GROOT.

No. 2133–B.

First Division. Juneau.

Jan. 8, 1934.

Wm. A. Holzheimer, Dist. Atty., and G. W. Folta, Asst. Dist. Atty., both of Juneau, for the United States.

Geo. Grigsby and H. L. Faulkner, both of Juneau, for defendant.

ALEXANDER, District Judge.

The court has fully considered the various assignments of error cited by defendant's attorneys as a basis for a new trial, and finds:

As to the first. The comment made by the court upon the testimony of the witness, Josephine De Groot, was fully covered by the court's instruction to the jury at the time and in its final instructions (instruction No. 12).

Second. Instruction No. 2 is a correct statement of the law of self-defense. The court is not presumed to know the physical facts surrounding the defendant at the time of the homicide, and the record is barren of any proof of the fact, that it was impossible for defendant to retreat, if such was the fact. I therefore think that instruction No. 2, when read and considered in connection with the other instructions, correctly states the law as based on the testimony in the case, and was neither erroneous nor prejudicial.

Third. Defendant complains that instruction No. 3, in which the height and weight of the deceased were pointed out to the jury, is erroneous because it does not give for comparison the height, weight, physical and mental condition of the defendant, for the purpose of comparison.

The instruction does give the height, weight, and size of the deceased as shown by the testimony, but there was no testimony adduced as to the height, weight, etc., of the defendant. However, since the defendant was present in the courtroom and in full view of the jury throughout the several days covered by the trial, there could have been no doubt or misapprehension in the minds of the jury as to the relative size of himself and the deceased, and the objection is wholly without merit.

Fourth. Defendant claims error in giving instruction No. 4, for the alleged reason that said instruction does not correctly state the law of self-defense and was not justified by the evidence.

I have carefully gone over this instruction, and, when read and considered in connection with the other instructions, I think it fully and fairly states the law, and was a proper application of the law to the evidence in this case.

Fifth and sixth. Defendant assigns error in the court's refusal to give defendant's requested instructions numbered 12 and 14. Those parts of the above instructions which are applicable and not clearly erroneous are fully

covered by the other instructions given by the court in the case, and no error was made in their refusal.

It follows that defendant's motion for new trial must be denied, and it is so ordered.